UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| CHAD M. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 4:10-CR-35-HSM-SKL |
| | ) | 4:14-CV-63-HSM |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion") [Doc. 36], and a motion to stay the resolution of the 2255 Motion [Doc. 37] filed by federal prisoner, Chad Taylor ("Petitioner").[1] Respondent United States of America (the "Government") filed a response in opposition to the 2255 Motion [Doc. 42] and this matter is now ripe. For the reasons stated below, Petitioner's 2255 Motion will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.   BACKGROUND**

In 2010, Petitioner pleaded guilty pursuant to a plea agreement to distributing cocaine base ("crack"), in violation of 21 U.S.C. § 841(a) and (b)(1)(C), and to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 16]. In his plea agreement, Petitioner waived his right to appeal his conviction or sentence unless he received a sentence "above the sentencing guideline range or any applicable mandatory minimum (whichever is greater) [as] determined by the district court." [Doc. 16 at Page ID # 35]. He also "knowingly and voluntarily waive[d] the right to file

---

[1] All citations to the record are to the docket in the underlying criminal case.

any motions or pleadings pursuant to 28 U.S.C. § 2255" with the sole exception of a § 2255 motion involving claims of "ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment" [Doc. 16 at Page ID # 35-36].

Petitioner had several prior Tennessee drug convictions, including a 1996 conviction for possession of Schedule II narcotics [Presentence Investigation Report ("PSR") at ¶ 35]; a 2002 conviction for selling at least half a gram of Schedule II narcotics [PSR ¶ 36]; and a 2002 conviction for selling less than half a gram of Schedule II narcotics [PSR ¶ 37]. Based on those convictions, Petitioner was subject to an enhanced maximum possible sentence of thirty years' imprisonment under 21 U.S.C. § 841(b)(1)(C) [PSR ¶ 56]. Those convictions also resulted in a determination that Petitioner was a career offender under U.S.S.G. § 4B1.1, with a sentencing range of 188 to 235 months' imprisonment under the applicable advisory United States Sentencing Guidelines ("Guidelines") [PSR ¶¶ 27, 40 & 58]. Petitioner did not object to the PSR [PSR Addendum].

Petitioner was sentenced to a below-Guidelines term of 148 months' imprisonment in a Judgment filed on May 25, 2011 [Doc. 30]. Petitioner did not appeal, so his conviction became final at the expiration of the time for seeking such review, June 8, 2011. Thus, the § 2255 limitation period expired June 8, 2012. Well over two years later—on September 2, 2014—Petitioner's 2255 Motion was filed [Doc. 36].

## II. STANDARDS

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

2

authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a statute of limitations applicable to collateral challenges under § 2255.

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states "only bald legal conclusions with no supporting factual allegations." (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963))). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required.

## III. ANALYSIS

In his 2255 Motion, Petitioner seeks § 2255 relief on the grounds that (1) his attorney was allegedly constitutionally ineffective by not filing a notice of appeal; and (2) he is allegedly no longer subject to an enhanced 21 U.S.C. § 841(b)(1)(C) thirty-year sentencing maximum in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013). The Government argues Petitioner's § 2255 claims are time barred, waived, and meritless and also submitted an affidavit of Petitioner's attorney stating Petitioner never asked her to file an appeal.

### A. Petitioner's 2255 Motion is Untimely

Pursuant to the AEDPA, a one-year statute of limitations applies to the filing of a § 2255 motion. *See* 28 U.S.C. § 2255(f). The one-year limitation period commences on the latest of one

3

of the four dates set forth in 28 U.S.C. § 2255(f). As pertinent here, § 2255(f) provides the one-year limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final; [or] . . .
>
> . . . .
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f)(1), (3). Acknowledging that he had only one year to file a motion under 28 U.S.C. 2255, Petitioner argues § 2255(f)(3) applies to his tardy 2255 Motion.

As pertinent here, the one-year limitation period commences on the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). For purposes of subsection (f)(1), a conviction generally becomes final for purposes of collateral review at the conclusion of direct review. *See Dodd v. United States*, 545 U.S. 353, 357 (2005); *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). It is undisputed that Petitioner did not appeal, so his conviction became final 14 days after the Court entered judgment; in other words, on June 8, 2011. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . judgment."). As a result, in order to be timely under § 2255(f)(1), the 2255 Motion should have been filed on or before June 8, 2012, but it was not. *See Benitez v. United States,* 521 F.3d 625, 629-30, 636 (6th Cir. 2008) (applying *Sanchez-Castellano* and holding that § 2255 motion filed two days late was untimely unless movant was entitled to equitable tolling).

4

Giving Petitioner the benefit of the doubt and finding that he submitted the 2255 Motion to prison officials under the "prison mailbox rule"[2] on the date he signed and dated it, the 2255 Motion was not "filed" until June 2, 2014 at the earliest [Doc. 36 at Page ID # 133]. Therefore, the 2255 Motion was not timely filed under § 2255(f)(1).

Recognizing he has a limitations issue under § 2255(f)(1) and relying mainly on what appears to be a misreading of *Descamps* and *Moncrieffe*,[3] Petitioner asserts his 2255 Motion is timely pursuant to § 2255(f)(3). The Government argues neither *Descamps* nor *Moncrieffe* supports Petitioner's claim since neither decision directly addressed how to determine whether a prior state conviction is a "felony drug offense" under 21 U.S.C. § 841(b)(1)(C). Next, the Government argues that even if *Descamps* and *Moncrieffe* are relevant to Petitioner's claim, they cannot serve as a basis for restarting the § 2255 limitations period because neither case involves a newly recognized right for application of § 2255(f)(3). Third, the Government argues that even if *Descamps* and *Moncrieffe* had newly recognized a right that supported Petitioner's sentencing claim, his § 2255 Motion would still be untimely because it was filed over a year after each decision was announced.

Subsection (f)(3) provides an independent one-year window in which a petitioner can request collateral relief based on a newly-recognized right made retroactively applicable on collateral review. 28 U.S.C. § 2255(f)(3). Under § 2255(f)(3), the limitations period runs from

---

[2] Because Petitioner is currently incarcerated, his motion is deemed filed on the date it was delivered to the appropriate prison officials for mailing. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings (establishing the "prison mailbox rule").

[3] Petitioner incorrectly suggests that *Descamps* and *Moncrieffe* demonstrate he was improperly sentenced with an "enhanced mandatory minimum sentence" [Doc. 36 at Page ID # 122]. To the contrary, the Court did not impose a statutory mandatory minimum sentence.

the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was recognized as retroactive. *Descamps* was decided on June 20, 2013 *and Moncrieffe was* decided April 23, 2013. Although the 2255 Motion was not filed until September 2, 2014, Petitioner submitted some proof that he first placed his 2255 Motion in the prison mailbox system on June 6, 2014 [Doc. 36-1 and 36-2].[4]

Giving the Petitioner the benefit of the doubt and applying the prison mailbox rule, it appears to the Court that the 2255 Motion was filed within a year of the issuance of *Descamps* but not within a year of *Moncrieffe*. As a result, to trigger the renewed limitations period, *Descamps* must set forth (1) a right newly recognized by the Supreme Court and (2) made retroactively applicable by that same institution.[5] Because Petitioner has failed to demonstrate that *Descamps* satisfies the first prong, the Court need not determine whether it satisfies the second.

*Descamps* involved application of the categorical approach first adopted by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), to a new set of facts. *See Descamps*, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *id.* at 2285 ("Applied in that way—which is the only way we have ever allowed—the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute."). As such, the holding of that case cannot be characterized as articulating a "rights-creating rule," i.e., a newly recognized right within the

---

[4] The Government ignored this evidence; and instead, the Government focused merely on the date the 2255 Motion was filed.

[5] Petitioner's motion to stay [Doc. 37] asks the Court to stay this matter until the Sixth Circuit Court of Appeals has determined if *Descamps* is retroactively applicable. Because *Descamps* did not articulate a new right, however, the Court need not stay this matter and the motion to stay will be **DENIED**.

6

scope of § 2255(f)(3). *See United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014) (finding that "the *Descamps* decision did not recognize a new right" and concluding that the petitioner's § 2255 motion—which was filed within one year of *Descamps*, but over one year after the petitioner's conviction became final—was untimely); *United States v. Lawrence*, No. 06-CR-00036-JLQ, 2014 WL 4264800, at *4 (E.D. Wash. Aug. 29, 2014) ("While the issue of whether *Descamps* created a new right has not been addressed by [any federal court of appeals], district courts have uniformly dismissed that argument."); *United States v. Chavis*, No. 14-C-50122, 2014 WL 2768870, at *2 (N.D. Ill. June 18, 2014) ("[B]ecause *Descamps* merely reaffirmed existing Supreme Court precedent it cannot serve as a justification for the application [of § 2255(f)(3)]."); *Harr v. United States*, No. 14-cv-1152, 2014 WL 1674085, at *3 (C.D. Ill. Apr. 28, 2014) (explaining that *Descamps* "cannot serve as a justification for the application of § 2255(f)(3)").

Because *Descamps* did not articulate a new right,[6] the timeliness of Petitioner's Motion hinges on its compliance with § 2255(f)(1)—and it does not comply. Petitioner's failure to file the 2255 Motion until June 2, 2014, long after the expiration of subsection (f)(1)'s one-year window, the 2255 Motion is untimely absent tolling of the limitations period.

**B. Equitable Tolling Is Not Justified**

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.

---

[6] If the Court were to consider *Moncrieffe*, the same result would be reached. *Moncrieffe*, 133 S. Ct. at 1685 (applying the "categorical approach" which "has a long pedigree in our Nation's immigration law").

7

2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 560 U.S. 631, 632 (2010); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Petitioner has failed to make either the diligent or extraordinary circumstance showing, *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (holding petitioner bears the burden of showing he is entitled to equitable tolling), and the record indicates he is unable to make either showing. To the extent Petitioner is attempting to rely on his claim that he asked his attorney to file a direct appeal and only found out no appeal was filed "years" later [Doc. 36 at Page ID # 107], such a claim—even if proven true in spite of counsel's affidavit to the contrary—would not support equitable tolling. *See Brown v. United States,* 20 F. App'x 373 (6th Cir. 2001).

In *Brown*, the petitioner alleged that the one-year statute of limitation for filing a § 2255 motion should be equitably tolled because "(a) counsel failed to file a notice of appeal after Brown requested counsel to do so, (b) Brown was 'in transit' to his place of incarceration for ninety days after the sentencing hearing, and (c) defense counsel changed addresses and his office would not accept Brown's collect telephone calls." *Id.* at 373. The district court denied the § 2255 motion as untimely and the Sixth Circuit affirmed. The Sixth Circuit specifically found that "to the extent Brown claims that he believed mistakenly that counsel was prosecuting an appeal on his behalf, this does not qualify because Brown failed in his duty to monitor the status of his appeal." *Id.* (citation omitted). *See also Moore v. United States,* 438 F. App'x 445, 450 (6th Cir. 2011) (petitioner was not entitled to equitable tolling where he "provided no evidence that he checked the status of his appeal before discovering his attorney's failure to file" an appeal); *Elliott v. Dewitt,*

8

10 F. App'x 311, 313 (6th Cir. 2001) ("an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling"); *Mendenhall v. United States*, No. 3:05-CR-053, 2012 WL 441196, at *2-3 (E.D. Tenn. Feb. 10, 2012) (petitioner asserted that he instructed his attorney to file a notice of appeal and did not learn, until approximately ten months later, that no appeal had been filed and the court declined to equitably toll the statute of limitations reasoning that the petitioner had failed to exercise diligence in light of the fact that either he or someone acting on his behalf could easily have contacted the clerk's office to determine whether the notice of appeal had been filed).

In short, the 2255 Motion, together with the files and record in this case, "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also* Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the Court finds that the 2255 Motion may be resolved as time-barred without an evidentiary hearing. *See United States v. Morales-Dorantes*, No. 1:07-CR-295, 2014 WL 1338159 (W.D. Mich. Apr. 2, 2014) (holding no hearing necessary where the files and records conclusively show that defendant's time-barred motion entitles him to no relief under 28 U.S.C. § 2255).

## IV. CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, Petitioner is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, reasonable jurists could

9

not find the assessment of his claims debatable, and the issues presented are not adequate to deserve encouragement to proceed further, a certificate of appealability **SHALL NOT ISSUE**.

**V.    CONCLUSION**

For the reasons discussed, a hearing is unnecessary and Petitioner's 2255 Motion and motion to stay [Docs. 36 & 37] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE